**Leo TATE**

v.

**The SS SUZANNE et al.**

**No. 7581.**

United States District Court,
E. D. La.

March 23, 1970.

Clifton S. Carl, Garrett & Carl, New Orleans, La., for plaintiff.

Ralph E. Smith, Deutsch, Kerrigan & Stiles, New Orleans, La., for defendants.

## MEMORANDUM OF REASONS

COMISKEY, District Judge.

This is a motion of traversal of answers to interrogatories filed by the plaintiff Leo Tate in an attempt to successfuly enforce garnishment proceedings against Atlantic & Gulf Stevedores, Inc. On August 25, 1965, the plaintiff, a longshoreman, filed a libel in which he prayed for damages arising from an injury he sustained aboard the SS Suzanne, a vessel owned by the defendant A. H. Bull Steamship Company. Service was effected against the defendant, but

no answer was filed. On January 24, 1968, a default was entered against the defendant, and on June 20, 1968, this Court confirmed said default and rendered judgment against the defendant A. H. Bull Steamship Company. The Court awarded the plaintiff $3456.00 in damages, plus interest and costs. However, the defendant was adjudged a bankrupt by the United States District Court for the Southern District of New York before execution against it by the plaintiff was possible.

The plaintiff then brought garnishment proceedings against Atlantic & Gulf Stevedores, Inc., claiming that Atlantic & Gulf owes the defendant A. H. Bull Steamship Company indemnity in the amount for which the defendant is liable to the plaintiff as a result of this suit. It is alleged that such indemnity is owed under the doctrine of Ryan Stevedoring Co. v. Pan-Atlantic Steamship Co., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956). The *Ryan* doctrine comes into play when a longshoreman is injured aboard a vessel; and it is found that the stevedoring company in charge of the loading or unloading operation breached its warranty of workmanlike performance to the defendant, and that such breach caused the plaintiff's injury. When this case came before the Court for trial, we held that the injury of the plaintiff was caused by the breach of the warranty of workmanlike performance owed by Atlantic & Gulf Stevedores, Inc. to A. H. Bull Steamship Co. However, the defendant A. H. Bull Steamship Co. never answered the complaint filed by the plaintiff and never brought in Atlantic & Gulf as a third party defendant. Therefore, the question now before us is whether a stevedoring company may be held liable to a garnishing plaintiff under the *Ryan* doctrine when it was never made a party to the suit by the defendant vessel owner.

■ Under Rule 64 of the Federal Rules of Civil Procedure garnishment proceedings brought in the United States District Court may be brought in the manner provided by the law of the state in which the District Court presides. However, there are no Louisiana cases which are determinative of the precise issue before the Court. Indeed, the Court has been cited to no cases in which any state or federal court was confronted with the precise question now before us: whether an unliquidated contractual claim arising from the breach of the warranty of workmanlike performance owed by a stevedore to a vessel owner under the *Ryan* doctrine may be subject to garnishment by the injured longshoreman.

■■ There are some general principles relative to the garnishment of unliquidated contractual claims. A summary of the jurisprudence relative to the garnishment of unliquidated claims in general is found at 38 C.J.S. Garnishment § 89, at page 295:

"As a general rule, unliquidated claims are not subject to garnishment. In other words, the amount of the fund or debt must either be ascertained or capable of ascertainment by mere calculation or computation. Hence, when the exercise of judgment, discretion, and opinion, as distinguished from mere calculation or computation, is required to determine the amount of a claim, the claim is unliquidated and is not subject to garnishment."

As to unliquidated contractual claims in particular, it is said at 38 C.J.S. Garnishment § 90, at page 296, that:

"As a general rule, an unliquidated claim arising out of a contract, as for example, a claim for damages for breach of contract, is not subject to garnishment. Some authorities, it is true, have held that a debt not yet liquidated is, nevertheless, garnishable if the liability is absolute and certain; but generally there is added to this proposition the proviso that the

amount of the liability must be capable of ascertainment by definite standards referable to the contract itself."

■ We do not believe that the unliquidated contractual obligation of indemnity arising from the breach of the warranty of workmanlike performance owed to the vessel owner by the stevedore in this case is sufficiently absolute and certain so as to subject this claim to garnishment by the plaintiff. The judicially-imposed obligation of the warranty of workmanlike performance is unlike the more usual contractual obligation in which the obligor specifically promises to pay the obligee a certain amount under certain conditions. Here, the amount owed by the stevedore to the vessel owner was not certain at all, but could only be determined after a trial of the case in which this Court decided what amount of damages was owed to the plaintiff, which amount would have been due as indemnity by the stevedore to the vessel owner had the stevedore been made a party to the suit. However, the stevedore was not a party to the suit at the time of this trial and therefore it did not even have an opportunity to contest the amount of its obligation in indemnity, or even to contend that the plaintiff was not entitled to damages or that the vessel owner was not entitled to claim indemnity from it. For this reason, we hold that the plaintiff cannot succeed in its garnishment proceeding against Atlantic & Gulf Stevedores, Inc.

The Court has been cited to the Louisiana case of Lowery v. Zorn, 184 La. 1054, 168 So. 297 (1963), in which the Supreme Court of Louisiana permitted a plaintiff to execute garnishment against the insurer of a defendant in an automobile accident case. However, we feel that this case is not dispositive of the issue before us. The insurance contract in Lowery v. Zorn contained limits of liability and the conditions under which payment to the defendant would be made. We believe that this made the amount owed by the insurance company to the defendant in the *Lowery* case much more capable of ascertainment than the amount of indemnity owed by Atlantic & Gulf to A. H. Bull Steamship Co. in this case as a result of its breach of the warranty of workmanlike performance—an obligation of indemnity which is judicially imposed rather than specifically contained in any contract between the stevedore and the vessel owner.

Therefore:

It is ordered that the plaintiff's motion of traversal of answers to garnishment interrogatories be, and the same is hereby, denied, and the Clerk shall prepare a judgment accordingly.